John Rue, Esq.
Attorney ID No. -#47032005
RUE LAW GROUP[1]
100 Overlook Center
2nd Floor, #9211
Princeton, NJ 08540
(862) 283-3155
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| C.P., individually and on behalf of F.P., a minor child,<br>Plaintiff,<br>v.<br><br>New Jersey Department of Education; Lily Laux, Commissioner of Education, in her official capacity; Office of Administrative Law, Clifton Board of Education, Robert Thurston, Thurston Law Offices, LLC<br><br>Defendants. | Civil Action No. 1:21-15677-ESK-MJS<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

[1] Rue Law Group is a DBA owned by John Rue & Associates, LLC

## Table of Contents


I. Introduction: ........ 1

II. Procedural Background ........ 1

III. Legal Standard ........ 2

IV. Argument ........ 3

A. The Proposed Amendments Are Made in Good Faith ........ 3

B. The Amendments Will Not Cause Undue Delay or Prejudice .. 3

C. The Amendments Are Not Futile ........ 4

D. Justice Strongly Favors Amendment ........ 4

V. Conclusion ........ 5

# TABLE OF AUTHORITIES

***Authority*** ***Page***

*C.P. v. New Jersey Department of Education*, D.N.J. No. 1:19-1207 ("C.P. I") ........ 1
*J.A. v. New Jersey Department of Education*, D.N.J. No. 1:18-9580 ("J.A.") ........ 1
*Est. of Benn v. Medtronic, Inc.*, 2023 U.S. Dist. LEXIS 102857 (D.N.J. June 12, 2023) ........ 2
*Phillips v. Borough of Keyport*, 179 F.R.D. 140, 143 (D.N.J. 1998) ........ 2
*Moskowitz v. New Jersey*, No. 19-12489 (D.N.J. Apr. 18, 2023) ........ 3
*Foman v. Davis*, 371 U.S. 178, 182 (1962) ........ 3
*R.B. v. Middletown Twp. Bord of Educ.*, 2025 U.S. Dist. LEXIS 167671 (D.N.J. Aug. 28, 2025) ........ 3
*Lutsky v. Monmouth Marine Engines, Inc.*, 2014 U.S. Dist. LEXIS 17241, at *4 (D.N.J. Feb. 10, 2014) ........ 4

**Statutes**

42 U.S.C. § 1988 ........ 4

**Other Authorities**

Federal Rule of Civil Procedure Rule 15(a)(2) ........ 1
Federal Rule of Civil Procedure Rule 18 ........ 4
Federal Rule of Civil Procedure Rule 12(b)(6) ........ 4

## I. Introduction

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs respectfully move for leave to file the attached Second Amended Complaint ("SAC"). The proposed amendments are made in good faith, conform the pleadings to developments in related proceedings, and clarify existing claims and party relationships. The amendments do not prejudice any defendant, and serve the interests of justice by aligning this case with the evidentiary record developed in *C.P. v. New Jersey Department of Education*, D.N.J. No. 1:19-1207 ("C.P. I") and *J.A. v. New Jersey Department of Education*, D.N.J. No. 1:18-9580 ("J.A."). Discovery in this matter has not yet commenced. Defendant NJDOE has not yet answered or otherwise responded to the First Amended Complaint.

Rule 15 embodies a liberal policy favoring amendment, and leave should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). None of the recognized grounds for denial -- undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility -- are present.

## II. Procedural Background

Plaintiffs filed the initial complaint on August 18, 2021, [ECF #001], and the First Amended Complaint on November 17, 2021, [ECF #019]. Since that time, decisions in related proceedings have clarified the scope of the overlapping class actions arising under the Individuals with Disabilities Education Act ("IDEA").

The J.A. was filed first, addressing delays and also due process violations, including coerced fee waivers. No motion for class certification was ever filed or decided. The Parties to JA have submitted a proposed settlement to the Court for entry as an Order. No class was certified in J.A., and the proposed settlement does not provide a mechanism for absent class members to obtain or enforce relief.

The *C.P. I* litigation was narrower, and resulted in two certified statewide classes, one under Rule 23(b)(2) and another under Rule 23(b)(3), addressing systemic due-process delays. The 23(b)(2) class secured a statewide consent order governing prospective proceedings. NJDOE is expected to be in compliance with that Order by this date, as the settlement was approved more than 18 months ago. The 23(b)(3) certified class secured a two year tolling of the statute of limitations to bring damages claims. This proposed amended complaint asserts claims arising from and also to plead related actions against certain attorneys now appointed as co-class counsel in *C.P. I* for misconduct in the litigation of that case, which injured the appointed class representatives. The proposed amendments are consistent with the procedural posture of the related class proceedings.

The proposed Second Amended Complaint ("SAC") (i) adds factual detail to the existing claims, (ii) asserts additional damages claims against NJDOE and the OAL arising from violations of the 45-day rule and the waiver of attorneys' fees, and (iii) asserts related claims for breach of fiduciary duty, aiding and abetting, and

related claims, including civil conspiracy against Robert Thurston and Thurston Law Offices, together with aiding-and-abetting claims against NJDOE. These claims arise from the same general course of conduct previously pleaded and are supported by materials reflected in the public record.

## III. LEGAL STANDARD

A party may amend its pleading with the Court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should be liberally granted, in the interest of justice. *Id.* The Rule codifies a liberal approach to the amendment of pleadings to promote the policy of deciding cases on the merits, instead of on technicalities. *Est. of Benn v. Medtronic, Inc.*, 2023 U.S. Dist. LEXIS 102857, at *11 (D.N.J. June 12, 2023) (*quoting Phillips v. Borough of Keyport*, 179 F.R.D. 140, 143 (D.N.J. 1998).

Leave to amend should be denied only in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies; (4) undue prejudice to the opposing party; or (5) futility of amendment. *Moskowitz v. New Jersey*, 2025 U.S. Dist. LEXIS 94785, at *5 (D.N.J. May 16, 2025) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). The burden of showing such grounds lies with the party opposing amendment. *R.B. v. Middletown Twp. Bord of Educ.*, 2025 U.S. Dist. LEXIS 167671, at *13 (D.N.J. Aug. 28, 2025).

## IV. ARGUMENT

### A. The Proposed Amendments Are Made in Good Faith.

Plaintiffs seek leave to amend for legitimate and transparent reasons. The SAC incorporates factual developments from related cases and clarifies the relationship among the various defendant groups -- state actors, local educational agencies, and attorney defendants. It also integrates evidence of fiduciary breaches and aiding-and-abetting conduct drawn from public filings.

The proposed amendments do not alter Plaintiffs' theory of liability. Rather, they refine the factual predicate and ensure that all related claims are presented in a single, coherent pleading. Such good-faith amendments fall squarely within the scope of Rule 15.

### B. The Amendments Will Not Cause Undue Delay or Prejudice.

Discovery has not yet begun. So no discovery deadlines will be disturbed, and no defendant will suffer unfair prejudice. The State defendants, local educational agencies, and attorney defendants have long been aware of the underlying allegations, which derive from public proceedings in C.P. I and J.A.

The amendments will ensure that all necessary parties are before the Court for final resolution of the overlapping issues, and that all claims that may be asserted related to the core of underlying facts are actually asserted and adjudicated.

**C. The Amendments Are Not Futile.**

Each added claim states a cognizable cause of action under established law. The damages claims were expressly contemplated in the Opinion of this Court denying summary judgment to NJDOE, and in the settlement agreement approved by this Court on April 20, 2024. The breach-of-fiduciary-duty and aiding-and-abetting counts are supported by the factual record of counsel's conduct in *C.P. I* and subsequent proceedings.

These claims rest on the same nucleus of operative fact as the IDEA and §1983 counts and are therefore properly joined under Rule 18. At this stage, amendment cannot be deemed futile unless the proposed complaint is clearly incapable of surviving a Rule 12(b)(6) motion. *Lutsky v. Monmouth Marine Engines, Inc.*, 2014 U.S. Dist. LEXIS 17241, at *4 (D.N.J. Feb. 10, 2014). The SAC easily satisfies that standard.

**D. Justice Strongly Favors Amendment.**

Allowing amendment will promote judicial economy and fairness. The SAC consolidates overlapping allegations, is consistent with the rights of absent class members from C.P. I and J.A., and provides a unified pleading through which the Court may adjudicate all related claims on the merits. Denying leave would risk duplicative filings, inconsistent rulings, and unnecessary procedural fragmentation.

## VI. Conclusion.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to file the Second Amended Complaint, attached as Exhibit A, and deem it filed as of the date of the Court's Order.

Signed John Rue

______________________________ __________

John Rue Date
John Rue & Associates, LLC
(aka Rue Law Group)
100 Overlook Center
2nd Floor, #9211
Princeton, NJ 08540
john@johnruelaw.com