[ECF No. 100]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

**C.P.,**
*Individually and on behalf of F.P., a minor*

**Plaintiff,**

**v.**

**NEW JERSEY DEPARTMENT OF EDUCATION, et al.,**

**Defendants.**

**Civil No. 21-15677 (ESK/MJS)**

## ORDER

This matter comes before the Court on plaintiff C.P.'s ("Plaintiff") Motion for Leave to File a Second Amended Complaint, consisting of the Memorandum in Support of the Motion [ECF No. 95-1] and the proposed Second Amended Complaint [ECF No. 100]; and

**WHEREAS**, parties may only amend the complaint "with the opposing party's written consent or the court's leave[,]" which should be "freely give[n] . . . when justice so requires[,]" FED. R. CIV. P. 15(a)(2), and pursuant to this standard, "[a] district court may deny leave to amend a complaint where it is apparent from the record that '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party[,]'" U.S. ex rel. Schumann v. Astrazeneca Pharms., 769 F.3d 837, 849 (3d Cir. 2014) (quoting Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000)); and

**WHEREAS**, defendants New Jersey Department of Education and Dr. Lily Laux "take no position as to Plaintiffs' motion," [ECF No. 103], and no other defendants named in this

action have filed any opposition, and accordingly the Court finds no evidence of bad faith, undue delay, or prejudice, see, e.g., Sabatino v. Union Twp., Civ. No. 11-1656, 2013 WL 1622306, at *7 (D.N.J. Apr. 15, 2013) (finding that in ruling on motions to amend, courts "need not conduct an analysis" of elements that an opposing party "ha[s] not argued" under Rule 15(a)(2)); and

**WHEREAS**, Plaintiff filed this motion to "refine the factual predicate and ensure that all related claims are presented in a single, coherent pleading[,]" [ECF No. 95-1 at 4] and asserts that the "primary focus" of the amendment is to "add damages claims," "assert a clear cause of action for collusion[,]" and "add the Office of Administrative Law as a co-defendant for the damages claims[,]" [ECF No. 100 2–3],[1] so the Court further finds that amendment would not be futile, see Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."); and

**WHEREAS**, "[a] general presumption exists in favor of allowing a party to amend its pleadings[,]" Int'l Union of Operating Eng'rs, Loc. 68, AFL-CIO v. RAC Atl. City Holdings, Civ. Nos. 11-3932, 11-4585, 2013 WL 353211, at *8 (D.N.J. Jan. 29, 2013);

**IT IS** on this **1st** day of **September 2026**,

**ORDERED** that Plaintiff's Motion to Amend [ECF No. 100] is **GRANTED**.

s/Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge

[1] As Plaintiff's proposed second amended complaint does not include page numbers, the references in this citation correspond the number listed in the stamped ECF header.